**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CR. No.: 2:06cr136-MEF** |
| | ) | |
| **STEVEN RANDY SULLIVAN** | ) | |

**MOTION TO SUPPRESS SEARCH**

COMES NOW the Defendant, Steven R. Sullivan, by and through undersigned counsel, Kevin L. Butler, and moves to suppress all items illegally seized as a result of the unconstitutional search of 2111 Yarbrough Circle, Montgomery, AL36110 on August 25, 2005 at approximately 2:40 p.m. The items to be suppressed include any physical evidence seized and amu statements made by Steven R. Sullivan as a result of the search and that are the illegal "fruits" of the search.

**Relevant Facts**

On August 12, 2005, Mr. Lyn Yeager petitioned the Probate Court of Montgomery Alabama for a Civil Commitment Order for his daughter Amy Yeager. (Ex. 1). The petition stated the basis for the request, but did not state the location of Ms. Yeager nor whether Ms. Yeager was involved in any criminal activity.

Though Ms. Yeager's location was never provided by the petitioner (Mr. Lyn Yeager) and the petition provided no information indicating Ms. Yeager was engaged in criminal activity or an immediate threat to herself or others, approximately two weeks later, on August

25, 2005, Probate Judge Reese McKinney, Jr., issued an "Emergency Order" authorizing

members of the Montgomery County Special Operations Tactical Team along with MCSO

Civil Units (the officers) to enter 2111 Yarbrough Circle, Montgomery, AL 36110 (the

residence). (Ex. 2).

While in the residence, the officers located Mr. Sullivan sleeping in a rear bedroom

of the residence. One of the officers "challenged" Mr. Sullivan and ordered him to the floor.[1]

The officers then detained Mr. Sullivan and began to frisk Mr. Sullivan for weapons. Mr.

Sullivan then informed the officer that he had a firearm in his pants pocket. The firearm was

seized and Mr. Sullivan was subsequently charged with being a felon in possession of a

firearm.

### Discussion

The Fourth Amendment provides that "[t]he right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be

violated." U.S. CONST., Amend IV. Without consent, in order for the search and seizure

of a residence to be Constitutional, prior to the search, law enforcement must have properly

obtained, from a neutral and detached judge, a warrant showing probable cause for the

search. *Illinois v. Gates*, 462 U.S. 213 (1983). In this case, no party consented to the search

of the residence. Therefore, prior to law enforcement searching his residence they were

required to obtain a properly executed warrant from a neutral and detached magistrate or

---

[1]      The word "challenged" is used in the arrest reports provided the defense. From
the context of the reports, it appears the word reference a forceful order by the police.

judge that establishes why given all the circumstances set forth in a supporting affidavit, there is fair probability that a location may contain contraband or evidence of a crime[2].  Id.

What appears to be the search warrant in this case (i.e. the "Emergency Order") was a document that was completely unsupported by the probable cause necessary for authorization of the search of the residence.  The defense does not contest that the Petition For Involuntary Commitment of Amy Yeager outlines the need to possibly commit through civil proceedings a troubled young woman.  However, the petition sets forth absolutely no probable cause for the search of 2111 Yarbrough Circle, Montgomery, AL 36110.  The petition does not establish why she may be located at that residence, why the residence may pose a danger to Ms. Yeager (or others) or contain evidence of contraband or criminal activity.  Additionally, because the petition indicates Ms. Yeager, though troubled, was not an immediate threat to herself or anyone else, there is actually no grounds for a search warrant.

For these reasons the search and the "fruits of the illegal search" must be suppressed.

WHEREFORE, the defendant prays that this Honorable Court conduct an evidentiary hearing to review the facts and circumstances surrounding the search of 2111 Yarbrough Circle, Montgomery, AL 26110 on August 25, 2005 and after conducting such hearing, issue an Order granting the motion and suppressing all evidence and statements obtained as a result

---

[2]    Undersigned counsel is researching whether under Alabama law  a Probate Judge can authorize a search of a residence.  If Probated Judges can not authorize such searches this pleading my be amended.  However, this issue does not effect the impropriety of the search conducted in this case.

of the search.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CR. No.: 2:06cr136-MEF** |
| | ) | |
| **STEVEN RANDY SULLIVAN** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2006, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system which will send notification of such filing to the following:

Kent Brunson, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138