IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | CR. No.: 2:06cr136-MEF |
| | ) | |
| **STEVEN RANDY SULLIVAN** | ) | |

**OBJECTION TO GOVERNMENT'S MOTION TO RECONSIDER AND MOTION TO STRIKE THE GOVERNMENT'S SUBMISSION OF POST HEARING EVIDENCE**

COMES NOW the Defendant, Steven R. Sullivan, by and through undersigned counsel, Kevin L. Butler, and files his objections to the government's motion for reconsideration and motion to strike the government's submission of post hearing evidence.

On August 25, 2005, law enforcement officers went to 2111 Yarbrough Street, Montgomery, AL 36110 (the residence) in an attempt to execute an "Emergency Order" issued by a probate judge and authorizing the detention of Amy Yeager. After entering the residence, the police searched Mr. Sullivan and found, on his person, a firearm. Ms. Yeager was not located in the residence. Mr. Sullivan was subsequently charged in this court with being a felon in possession of a firearm. (Doc. # 1).

On July 13, 2006, Mr. Sullivan moved to suppress the search of the residence on the grounds the search was warrantless and not supported by probable cause. (Doc. # 11-1 and 16). In its response to the suppression motion, the government argued that the seizure of the firearm was lawful because law enforcement was acting pursuant to a valid court order and the firearm was located pursuant to a security sweep of the residence. (Doc. # 15). There is no factual discussion in the government's response indicating why law enforcement officers thought Amy Yeager would be located within the residence. (Doc. #15).

An evidentiary hearing on the suppression motion was conducted before United States Magistrate Judge Susan R. Walker on August 3, 2006. (Doc. #17) The only witness called to testify during the suppression hearing was Sgt. Barrett of the Montgomery County Sheriffs Department. Sgt. Barrett provided no testimony or evidence as to why law enforcement had probable cause or belief that Amy Yeager lived at or could be located at the residence. Following the hearing and prior to the issuance of a Report and Recommendation, the government did not attempt to reopen the evidentiary hearing or submit any further evidence.

On August 18, 2006, Magistrate Judge Walker issued her Report and Recommendation in which she recommended the motion to suppress be granted. (Doc. # 18). Judge Walker concluded that if Amy Yeager did not live at the residence the officers were required to obtain a search warrant. Because no evidence was presented establishing that Ms. Yeager lived a the residence and it is undisputed the deputies were not in possession of a search warrant, the warrantless search must be suppressed. See Steagald v. United States, 451 U.S. 204 (1981). Judge Walker further concluded that even if Amy Yeager did live at the residence and **assuming arguendo the "Emergency Order" could be considered a valid arrest warrant**,[1] because (1) there was no evidence that law enforcement had a reasonable belief that the residence was Ms. Yeager's dwelling and (2) there was no evidence law enforcement had a reason to believe Ms. Yeager was actually in the residence, the search must be suppressed. See Payton v. New York, 445 U.S. 573 (1980).

The government does not object to the findings contained in the Report and Recommendation. (Doc. #20-1). However, on August 29, 2006, the government filed what is titled

---

[1] In this case, the government conceded that there was neither a "search warrant" nor an "arrest warrant." See R.R. page 6, Footnote 2. Because of these government concessions, it is the defendant's position that the search must be suppressed. Steagald v. U.S., 451 U.S. 204 (1981); Payton v. New York, 445 U.S. 573 (1980). For purposes of her analysis, Judge Walker "construed the emergency order in the best possible constitutional light" and assumed arguendo that the emergency order could be construed as an arrest warrant. See R.R. page 6, Footnote 2.

"Motion to Reconsider" with an attached exhibit from the Montgomery Area Mental Health Authority. (Doc. #20-1). In this exhibit, Montgomery County Probate Court Liaison, Joan Miceli, indicates she had received information indicating that Ms. Yeager was residing at 2111 Yarbrough Street on August 25, 2006. This pleading is a thinly veiled and improper attempt to submit unchallenged and untested post-hearing evidence from a witness who was available to the government prior to and for the August 3, 2006 evidentiary hearing. Therefore, the government's motion should be denied and the pleading, and any reference to it, struck from the record.

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merril Lynch*, —, F.Supp.2nd —, 2006 WL 2085240 *10 (N.D. Ala. July 18, 2006). Without a showing of good cause (e.g. unavailability of evidence or newly discovered evidence), facts that should have and could have been presented at a prior hearing, are not appropriate grounds for reconsideration. *Rossi v. Troy State University*, 330 F.Supp.2d 1240, 1249 (M.D. Ala 2002). Additionally, consideration of this post-hearing testimonial evidence submitted for consideration by the court as an exhibit(s) to a pleading would violate, Mr. Sullivan's right to confront (and challenge) the witnesses against him. See *Crawford v. Washington*, 541 U.S. 36 (2004).

The government has provided no cause as to why this Court should consider the evidence attached to its Motion to Reconsider. Though the document/exhibit itself is "new" in that it was produced five days after the Report and Recommendation was issued, all of the information in the document was available to the government prior to the hearing. The author of the document indicates that she has been employed with the probate court since at least August 12, 2005, she has been in possession of information the government deems material and relevant since August 25, 2005. Additionally, there is no indication that she was not available to the government on the date of the evidentiary hearing in this case.

3

Finally, even if the information in this pleading were considered by the court and assuming arguendo the emergency order can be considered an arrest warrant, the statement of Ms. Miceli fails to address: (1) whether **law enforcement** had a reasonable belief that the residence was Ms. Yeager's dwelling and (2) whether there was evidence **law enforcement** had a reason to believe Ms. Yeager was actually in the residence . *Payton v. New York*, 445 U.S. 573 (1980). The statement merely indicates that the probate court liaison was in possession of hearsay information indicating Ms. Yeager may be at 2111 Yarborough Street. There is no indication that this information was passed on to or in the possession of law enforcement officers at the time of the search. In fact, Officer Barrett's evidentiary hearing testimony indicates that he was not in possession of this information.

WHEREFORE, as there is no good cause for considering this evidence and the confrontation clause prohibits the government from submitting, without challenge, inculpatory witness statements, the government's request for reconsideration must be denied. FURTHER, the exhibit attached to the Motion To Reconsider, should be struck from the record and along with any reference to the affidavit (Doc. #20-1, paragraph 3).

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| V. ) | CR. No.: 2:06cr136-MEF |
| ) | |
| **STEVEN RANDY SULLIVAN** ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kent Brunson, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

                    Respectfully submitted,

                    s/ Kevin L. Butler
                    KEVIN L. BUTLER
                    First Assistant Federal Defender
                    201 Monroe Street, Suite 407
                    Montgomery, Alabama 36104
                    Phone: (334) 834-2099
                    Fax: (334) 834-0353
                    E-mail: kevin_butler@fd.org
                    AZ Bar Code: 014138