IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06CR136-MEF |
| | ) | |
| STEVEN RANDY SULLIVAN, | ) | |

**<u>ORDER</u>**

This case is before the court on the United States' motion to reconsider filed August 8, 2006 (Doc. # 20) and defendant's objection and motion to strike filed September 1, 2006 (Doc. # 22).

The government's motion asks the court to reconsider its August 18, 2006 recommendation that defendant's motion to suppress be granted. Specifically, the government requests review by the court of an August 23, 2006 statement by Joan Miceli, Probate Court Liaison,

> which shows that on August 25, 200[5], the date of the entry into the Yarbrough Circle residence, Ms. Miceli received a call from Amy Yeager's mother that Amy was living in the drug house at 2111 Yarbrough Circle and included information to alert the deputies that guns would be at the residence (See Exhibit 1). This statement clearly shows that Amy Yeager's family believed she was living at 2111 Yarbrough Circle, that the residence was a drug house and that the family felt threatened.

Motion to Reconsider at 1-2. After careful consideration of the memorandum offered by the government, the court concludes that the motion to reconsider is due to be denied on two grounds.

First, the memorandum prepared by Joan Miceli does not present the court with

evidence of an intervening change in controlling law, the availability of new evidence,[1] or the need to correct clear error or manifest injustice so as to warrant reconsideration. See Summit Medical Center of Alabama, Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."); see also Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir.1997) ("This circuit has held that a motion to reconsider should not be used by the parties to set forth new theories of law."); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir.1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 2006 WL 2085240, *10 (N.D.Ala. 2006) ("In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly."); Morgan v. North Mississippi Medical Center, Inc., 2005 WL 3593680, *1 (S.D.Ala. 2005) (same); Groover v. Michelin North America, Inc., 90 F.Supp.2d 1236, 1256 (M.D. Ala. 2000) ("Motions for reconsideration generally serve a very narrow function: they are designed solely to correct manifest errors of law or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion ....Because 'litigants cannot be repeatedly called upon to backtrack through the paths of litigation,'

---

[1] Although the Miceli memorandum is new in the sense that it was not prepared until after the August 18, 2006 hearing in this case, all the facts stated in the memorandum were apparently known to Miceli and available to the government as of August 31, 2005.

reconsideration of a previous order is an extraordinary remedy to be employed sparingly.... Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.")(citations omitted).

Second, while the statement by Joan Miceli may show, as the government contends, that "Amy Yeager's family believed she was living at 2111 Yarbrough Circle, that the residence was a drug house and that the family felt threatened," Motion to Reconsider at 2, it does not establish anything about the *sheriff's deputies'* beliefs concerning the question of whether Yeager resided at that location and was, in fact, within the dwelling at the time that they attempted to execute the emergency order. The Eleventh Circuit explained in United States v. Bervaldi that "'for law enforcement officials to enter a residence to execute an arrest warrant for a resident of the premises, the facts and circumstances *within the knowledge of the law enforcement agents*, when viewed in the totality, must warrant a reasonable belief that the location to be searched is the suspect's dwelling, and that the suspect is within the residence at the time of entry.'" United States v. Bervaldi, 226 F. 3d 1256, 1263 (11th Cir. 2000) (citation omitted) (emphasis added). Thus, the Miceli memorandum – even assuming that it is new evidence, that it was properly sworn and authenticated, and that defendant is not entitled to the opportunity to confront this witness – proves nothing concerning the dispositive issue before the court.

Accordingly, and for good cause, it is

ORDERED that the United States' motion to reconsider (Doc. # 20) is DENIED. It is further

ORDERED that defendant's motion to strike the exhibit attached to the motion to

reconsider, as well as any reference to the exhibit (see Doc. # 22 at 4), is likewise DENIED.

DONE, this 21st day of September, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE